IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**AKEISHA NORRIS,**

          Plaintiff,

vs.

**ADOLPH THORNTON,**

       Defendant.

CIVIL ACTION NO.
1:20-CV-4235-CC

## MOTION FOR EXTENSION OF TIME TO SUBSTITUTE PARTY FOLLOWING THE SUBSTITUTION OF DEATH AND MEMORANDUM OF LAW

NOW COMES Plaintiff, **AKEISHA NORRIS**, a party to this litigation, by and through her undersigned counsel, and hereby moves to extend the time available pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure to substitute the Administrator of the Estate of Plaintiff Adolph Thornton as the Plaintiff in this action, so that the Plaintiff's claims survive, and the action on her behalf may proceed.

**A. Introduction**

1.     On October 13, 2020, the Plaintiff, Akeisha Norris sued Defendant Adolph Thornton for invasion of privacy/appropriation of likeness and intentional infliction of emotional distress. [Dkt. #1].

2.     On January 12, 2021, Defendant was served with a summons and a copy of Plaintiff's complaint by personal service at his residence. [Dkt. #10].

3.     Defendant did not file a responsive pleading or otherwise defend the suit.

4.     On September 7, 2021, the Clerk entered a default against Defendant.

5.     On November 8, 2021, the Plaintiff moved for entry of default judgment. [Dkt. #26].

6.     On November 17, 2021, the Defendant was murdered while in Memphis, Tennessee.

7.     On December 7, 2021, the Plaintiff filed his Suggestion of Death with this Court. [Dkt. #27].

8.     On December 14, 2021, Jermia Jerdine (hereinafter, "Jerdine"), the fiancé of the Defendant and mother of his two children, filed a Petition for Letters of Administration with the Probate Court of Fayette County, Georgia. (*Attached hereto as* **Exhibit "A"**).

9.     As of the date of the filing of this motion, ninety days have elapsed since the Suggestion of Death was filed, but no court has appointed an administrator of the Defendant's estate.

10.    As such, the Plaintiff would request additional time of at least thirty (30) days (or an indefinite period if this Court is amenable to that suggestion) to wait for the Probate Court of Fayette County, Georgia to rule on

Jerdine's Petition for Letters of Administration, or otherwise for any other individual to be named as administrator of the Defendant's estate.

11.    This request under this Motion is not sought for delay, but so that justice may be done.

## MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 25 (a)(1):

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

As of the date of filing, ninety (90) days have passed since the Suggestion of Death was filed, and Jerdine's Petition for Letters of Administration has not been ruled upon, and on information and belief, nor has any other administrator for the estate been named by any court.

A "representative" of the deceased party's estate is a proper party for substitution. Graham v. Henderson, 224 F.R.D. 59, 64 (N.D.N.Y. 2004) (*citing* Sinito v. United States Dept. of Justice, 176 F.3d 512, 516 (D.C.Cir.1999)); Al-Jundi v. Rockefeller, 88 F.R.D. 244, 246 (W.D.N.Y.1980); Gronowicz v. Leonard, 109 F.R.D. 624, 626 (S.D.N.Y. 1986).

A distributee of an estate is also "proper party" under Rule 25(a), but only if the estate of the deceased has been distributed at the time the motion

for substitution has been made. <u>Ashley v. Illinois Central Gulf Railroad Co.</u>, 98 F.R.D. 722, 724 (S.D.Miss.1983); *see* <u>McSurely v. McClellan</u>, 753 F.2d 88, 99 (D.C.Cir.), <u>cert. denied</u>, —— U.S. ——, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985).

Courts have not construed the Rule 25 suggestion of death requirement strictly. For example, the Third Circuit has held that a pretrial memorandum filed within the ninety-day period that set forth an intention to substitute the wife of the decedent as the executrix of the estate for plaintiff satisfied Rule 25, even though no suggestion of death was filed. <u>Miles, Inc. v. Scripps Clinic & Research Found.</u>, 810 F. Supp. 1091, 1102 (S.D. Cal. 1993) (*citing* <u>Anderson v. Republic Motor Inns, Inc.</u>, 444 F.2d 87 (3d. Cir.1971)). Further, "extensions are to be liberally granted absent bad faith on the part of the movant or prejudice to the other parties to the suit." <u>Gronowicz</u>, 109 F.R.D. at 627 (*citing* <u>National Equipment Rental Ltd. v. Whitecraft Unlimited</u>, 75 F.R.D. 507, 510 (E.D.N.Y.1977).

In Escareno v. Carl Nolte Sohne GmbH & Co., the Eleventh Circuit, construing Georgia law, allowed an indefinite period to a plaintiff in order to wait for an administrator to be named, holding that:

> Plaintiff should be allowed a reasonable time in which to again present to a Georgia probate court the matter of appointment of an administrator or temporary administrator, or such other representative as may be appropriate under Georgia law […] Plaintiff should be given a reasonable time after Georgia courts act in which to file a new motion to substitute if plaintiff wishes to do so.

77 F.3d 407, 412 (11th Cir. 1996).

WHEREFORE, the Plaintiff requests additional time of at least thirty (30) days (or an indefinite period) to wait for the Probate Court of Fayette County, Georgia to rule on Jerdine's Petition for Letters of Administration, or otherwise for any other individual to be named as administrator of the Defendant's estate, in order to comply with Fed. R. Civ. P. 25 (a)(1) and properly substitute the administrator of the Defendant's estate as the Defendant in this action, and for all other relief as this Court deems in the interests of justice.

Dated: _____08 MAR 2022_____                    Respectfully submitted,


/s/ Anita Lamar /
_____        _____
**Anita Lamar, Esq.**                          **Rook Elizabeth Ringer, Esq.**
Georgia Bar No. 892383                      Florida Bar #1015698
Lamar Law Office, LLC                       Lento Law Group, P.A.
4500 Hugh Howell Rd., #140                  222 San Marco Ave., Ste. C
Tucker, GA 30084                            St. Augustine, FL 32084
Office: 678.819.5200                        904-602-9400 Ext. 467 – Office
ALamar@atlantalegalcare.com                 reringer@lentolawgroup.com