IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **AKEISHA NORRIS,**<br><br>　　　　　Plaintiff,<br>vs.<br><br>**ADOLPH THORNTON,**<br><br>　　　　　Defendant. | CIVIL ACTION NO.<br>1:20-CV-4235-CC |

**PLAINTIFF'S NOTICE IN RESPONSE TO
COURT'S ORDER OF APRIL 14, 2022 [No Dkt. #]
AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW the Plaintiff, Akeisha Norris (hereinafter, the "Plaintiff"), and responds to this Court's Order of April 14, 2022 [No Dkt. #] (hereinafter, the "Order") and files this Notice with respect to the Court's request to address the Motion for Default Judgment [Dkt. #26] with respect to the death of the Defendant, Adolph Thornton (hereinafter, the "Defendant"), and the pending substitution of the administrator of the Defendant's estate, and states:

**INTRODUCTION**

1.　On October 13, 2020, the Plaintiff sued the Defendant, a well-known musician, for invasion of privacy/appropriation of likeness and intentional infliction of emotional distress.

2. On October 13, 2020, the Plaintiff filed her Complaint for Damages for Misappropriation of Likeness and Intentional Infliction of Emotional Distress with the Court.

3. On January 12, 2021, the Defendant was served with a summons and a copy of the Plaintiff's complaint by personal service at his residence.

4. On September 7, 2021, the Clerk entered a default judgment against Defendant.

5. On November 8, 2021, the Plaintiff filed her Motion for Default Judgment [Dkt. #26] (hereinafter, the "Motion").

6. On November 17, 2021, the Defendant was shot and killed in Memphis, Tennessee.

7. On December 14, 2021, Jermia Jerdine, the mother of the Defendant's two minor children (hereinafter, "Jerdine"), petitioned the probate court in Fayette County, Georgia for her to be appointed administrator of the Defendant's estate. (Fayette County Case: 21-16559, hereinafter, the "Probate Case").

8. On March 8, 2022, the Court granted the Plaintiff additional time to substitute the Defendant for the Estate upon the appointment of an administrator.

9. On April 11, 2022, the Court again granted the Plaintiff additional time, as no administrator had been appointed at that time.

10.     As of the filing of this Notice, the Probate Case is still pending, with no further information available other than the initial Petition, which has not been ruled upon by the probate court.

## MEMORANDUM OF LAW

### I.    The Issue of Service.

Pursuant to the Federal Rules of Civil Procedure:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25 (a)(1).

Upon further research, the case <u>Atkins v. City of Chicago</u> seems to suggest that the 90-day period has not run at all. Specifically, that court found that:

> But in fact the December motion did not start the 90–day clock ticking because it was not served on Mrs. Atkins. Rule 25(a)(1) requires service, though it does not say which nonparties must be served (Mrs. Atkins was a nonparty)— obviously not every person in the United States who happens not to be a party to the lawsuit in question. But nonparties with a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative (it has not been), should certainly be served.

547 F.3d 869, 873–74 (7th Cir. 2008). As can be seen, <u>Atkins</u> seems to state that the Suggestion of Death [Dkt. #27] has no effect until served upon a

CIVIL ACTION NO. 1:20-CV-4235-CC              3

nonparty "with a significant financial interest" in the case. However, here no successors have been named, and the personal representative has not been appointed, as the Defendant died intestate and unmarried. At the time of the filing of the Suggestion of Death, Jerdine had not filed her Petition, and as such, was unknown to the Plaintiff or undersigned counsel. As a result, the Plaintiff will attempt to serve[1] the Defendant's minor children through their mother, Jerdine, in hopes that it will push things in this matter further along.

On the other hand, Atkins also stated that:

> It is true that George v. United States, 208 F.R.D. 29, 32 (D.Conn.2001), holds that if the suggestion of death is filed by the opposing party, that party is not required to serve a successor or representative if he doesn't know who that is, and so the 90–day period starts to run from the filing of the suggestion. The other side can protect itself by telling the moving party who the successor or representative is, and if necessary filing a motion for an extension of time for filing a motion to substitute that person for the decedent. George has no application to this case, however, because the suggestion of death was filed by the decedent's lawyer.
>
> The case law makes clear that with the inapplicable exception noted in George, notice to the lawyers, service on the lawyers, knowledge of all concerned—nothing will suffice to start the 90–day clock running except service on whoever is identified as the decedent's representative or successor.

547 F.3d at 873–74. Notably, in George, the court stated:

> Based on the record before this Court, there is no indication

---

[1] The Plaintiff will serve the Suggestion of Death [Dkt. #27] and Motion for Default Judgment [Dkt. #26] upon them, in order to hopefully ensure that they are aware of the relevant issues in this matter.

> that defendant had notice of the pending appointment of Shirley George on August 8, 2000, the date defendant filed the Suggestion of Death. Therefore, the Suggestion of Death was not defective and the 90 day time period began with the filing of the Suggestion of Death.

208 F.R.D. at 32.

Here, given the fact of the non-binding nature of the above case-law, and the unique set of circumstances presented in this case, the Plaintiff therefore suggests that service upon the Defendant's minor children (and presumptive heirs) through Jerdine seems to be the best course of action going forward. Given that the Motion was not able to be served personally on the Defendant prior to his death, the Plaintiff wishes to ensure that any judgment in this case is thoroughly executable, and not mired in endless litigation.

As a result, and in the absence of further direction by this Court, the Plaintiff will next serve the Defendant's minor children through Jerdine.

Respectfully submitted,

Dated:   28 APR 2022            _____
**Rook Elizabeth Ringer, Esq.**
Florida Bar #1015698
Lento Law Group, P.A.
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
904-602-9400 Ext. 467 – Office
reringer@lentolawgroup.com

| | |
|---|---|
| Dated:   <u>28 APR 2022</u> | /s/ Anita Lamar /<br>_____<br>Anita Lamar, Esq.<br>Georgia Bar No. 892383<br>**Lamar Law Office, LLC**<br>4500 Hugh Howell Rd., #140<br>Tucker, GA 30084<br>Office: 678.819.5200<br>ALamar@atlantalegalcare.com |