# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION


Akeisha Norris,

                      Plaintiff,

                                     Case No. 1:20-cv-4235-MLB

v.

Adolph Thornton, Jr.,

                      Defendant.

_____/

## ORDER

The Court stayed and administratively closed the case pending a ruling in the probate case in Fayette County.  (Dkt. 31.)  Plaintiff now reports that the probate judge in Fayette County has appointed Jermia Jerdine as administratrix of the Estate of Adolph R. Thornton, Jr.  (Dkt. 32.)  Accordingly, the Court **LIFTS** the stay and **DIRECTS** the Clerk to reopen this case and reinstate Plaintiff's Motion for Default Judgment (Dkt. 26).  The Court **GRANTS** Plaintiff's Motion for Substitution of Party (Dkt. 32).  Jermia Jerdine, Administratrix of the Estate of Adolph R. Thornton, Jr., Deceased is substituted for Decedent Adolph Thornton, Jr. as a defendant in this action.

The Court **DENIES** Plaintiff's Motion for Default Judgment (Dkt. 26) without prejudice.   "While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact," default judgment is warranted only if those allegations provide a "sufficient basis" for the judgment.  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).  A "sufficient basis" exists only where the "complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.*  That is, plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim."  *Id.*  "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim."  *Id.*

Plaintiff's motion contains no analysis showing its claims are plausible here.   For example, it says nothing about the pleading requirements governing its claims, or why Plaintiff's complaint satisfies those requirements.   Plaintiff should include a robust discussion (supported by liberal citations to authority) of these things in any future motion.  Plaintiff should leave the Court in no doubt that its claims are

plausibly pled under applicable law.  Plaintiff may refile a motion that complies with the instructions contained in this Order.  If Plaintiff successfully shows she is entitled to default judgment, the Court will schedule a hearing on damages and attorney's fees.

      **SO ORDERED** this 5th day of January, 2023.


_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE