**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| AKEISHA NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:20-cv-04235-MLB |
| JERMIA JERDINE, AS | ) | |
| ADMINISTRATRIX OF THE ESTATE | ) | |
| OF ADOLPH R. THORNTON, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JERMIA JERDINE'S MOTION FOR RECONSIDERATION**
**AND BRIEF IN SUPPORT**
**FILED UNDER SPECIAL APPEARANCE**

Pursuant to Local Rule 7.2(E) and Federal Rule of Civil Procedure 59(e), Jermia Jerdine, in her capacity of Personal Representative of the Estate of Adolph R. Thornton, Jr., deceased ("Personal Representative"), by and through her undersigned counsel, respectfully makes a special appearance in this Court to seek reconsideration of this Court's Order dated January 5, 2023 (Dkt. 35), granting Plaintiff's Motion for Substitution of Party (Dkt. 32). The Court should reconsider its Order and instead deny the Motion for Substitution of Party.

In making this special appearance to file this Motion for Reconsideration, the

Personal Representative specifically preserves and asserts her positions that this Court lacks jurisdiction over her in this action and that because the Order granting substitution should be reversed, she is not a proper party to this litigation. Neither the original Defendant, decedent Adolph Thornton, Jr. ("Thornton"), nor the purported current defendant, the Personal Representative, were served with summons and the Complaint in this matter.[1] Nor was Plaintiff's Suggestion of Death as to Defendant Adolph R. Thornton, Jr. and Motion for Substitution of Party (Dkt. 32) (the "Motion for Substitution"), served upon the Personal Representative in the manner required by Federal Rules of Civil Procedure 4 and 25.

Thus, for the reasons set forth herein, the Personal Representative is not a proper party to this litigation, this Court lacks jurisdiction over the Personal Representative, and the Court's Substitution Order should be reconsidered, resulting instead in a denial of the Motion for Substitution.  This case should then be dismissed for lack of a proper defendant.

## INTRODUCTION

The Court's Order substituting the defendant in this case was entered as a

---

[1] *Fuqua v. Turner*, 996 F.3d 1140, 1154 (11th Cir. 2021) ("Proper service of process is a jurisdictional prerequisite.").

result of a serious misrepresentation to the Court by Plaintiff.  The Certificate of Service for the Motion for Substitution falsely claimed that the Personal Representative was personally served with the Motion for Substitution.  (Dkt. 32 at 3).  In fact, the Personal Representative has never been served with the Motion for Substitution.  (Declaration of Jermia Jerdine dated February 2, 2023, attached as Exhibit A hereto ("Jerdine Decl."), at ¶¶ 13-15).  Nor was the Personal Representative's estate counsel authorized to accept service on her behalf.  (Declaration of Precious Anderson dated February 2, 2023, attached as Exhibit B hereto ("Anderson Decl."), at ¶ 10).  Thus, it was improper to grant substitution.

The failure to serve the Personal Representative is not merely a procedural defect. Substitution in this case would be improper in any event because Thornton, the original Defendant, was not served with process prior to the running of the applicable statute of limitations.[2]  The Facebook post at issue was made on September 24, 2018—a fact conveniently omitted from the Complaint.[3]  (Jerdine

---

[2] The Personal Representative is aware that this Motion for Reconsideration typically would not be the proper procedural vehicle to obtain relief on a factual issue regarding the application of the statute of limitations. However, the invalidity of the lawsuit in the first instance is relevant to this Motion for Reconsideration in that the Court must determine whether the cause of action was extinguished by Thornton's death under Georgia law.

[3] Plaintiff is obviously aware of the date as she does assert in her Complaint that she was a citizen of Mississippi "[i]n September 2018." (Dkt. 1 ¶ 2).

Decl. ¶¶ 18-20). Thus, the Complaint filed on October 13, 2020, was outside the 2-year statute of limitations applicable under Georgia law.

This action is therefore void under Georgia law, and substitution pursuant to Fed. R. Civ. P. 25(a) is unavailable. Absent substitution, the lawsuit must be dismissed for lack of a defendant.

Indeed, Plaintiff has been dilatory throughout this entire case. She failed to file the lawsuit for over two years after the allegedly offending post. She failed to even purport to serve the Defendant for over 90 days after she filed the lawsuit out-of-time. She failed to prosecute the lawsuit for the one year after filing it while the Defendant was still alive, and this Court on three separate occasions had to admonish Plaintiff to proceed with her litigation or be subject to dismissal. (Dkts. 9, 19, 25). Despite this Court instructing Plaintiff to "promptly" file a notice on the docket after the Personal Representative was appointed (Dkt. 31), Plaintiff waited over four months to file her notice and Motion for Substitution. Thus, Plaintiff now wants to litigate an incident that occurred nearly 4 ½ years ago.

Even if the Personal Representative had been properly served, and even if the action had not been extinguished by Plaintiff's failure to properly serve Thornton prior to his death, this Court nevertheless would have discretion to deny the Motion for Substitution under Rule 25. Denial is appropriate in this case because there is no

reasonable set of circumstances that would justify Plaintiff's failure to promptly prosecute any claims she may have had. Plaintiff's dilatory actions have prejudiced the Personal Representative, who would be at a serious disadvantage attempting to defend against this lawsuit at this late date.

## FACTS

On September 18, 2018, the original Defendant in this action, Mr. Thornton, reposted on his Facebook page a video of Plaintiff dancing that Plaintiff had posted on her own Instagram page. (*See* Jerdine Decl. ¶¶ 18-20). Plaintiff contends that following Thornton's Facebook post, she was disciplined by her superiors in the Army National Guard, and that the discipline caused her to suffer "a mental breakdown." (Dkt. 1 ¶ 8). Plaintiff further contends that "[a]s a result" of the breakdown, she was dismissed from the military. (*Id.*).

Plaintiff filed her Complaint in this Court on October 13, 2020. (Dkt. 1). The summons was issued by the clerk's office on October 14, 2020. (Dkt. 2). On January 15, Plaintiff filed a Proof of Service purporting to show that service was made on someone named "Leah Johnson" at Thornton's abode on January 13, 2021—92 days after the Complaint was filed:

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Adolph Thornton Jr.
was received by me on *(date)*   1/12/2021   .

☐ I personally served the summons on the individual at *(place)*

_____   on *(date)* _____ ; or

☑ I left the summons at the individual's residence or usual place of abode with *(name)*   LEAH
Johnson   , a person of suitable age and discretion who resides there,

on *(date)*   1/13/2021   , and mailed a copy to the individual's last known address; or

(Dkt. 7).   But at that time, the only people living with Mr. Thornton were his fiancée—who is also the Personal Representative—and their two children. (Jerdine Decl. ¶¶ 3-7).   The Personal Representative was the only adult living with Mr. Thornton on January 13, 2021, and no one named Leah Johnson ever lived at their house. (*Id.* ¶¶ 5-9). The Personal Representative does not even know a Leah Johnson. (*Id.* ¶ 8). Thus, it is not surprising that Mr. Thornton—never having been served with the Complaint and summons—did not timely answer the Complaint.

Plaintiff failed to timely prosecute her Complaint, and then she made misrepresentations in seeking entry of default.  On August 30, 2021, the Court issued a Show Cause Order instructing Plaintiff to explain her lack of prosecution of the action. (Dkt. 19). In response, on September 3, 2021, Plaintiff filed a Request for Entry of Default and falsely asserted that "[o]n **January 12**, 2021, Defendant was served with a summons and a copy of Plaintiff's complaint **by personal service** at

his residence." (Dkt. 23 at 1 (emphasis added)). This misrepresentation is repeated in the attached Affidavit of Rook Elizabeth Ringer, Esq., who stated under oath that "[o]n January 12, 2021, the Complaint was served on the Defendant." (Dkt. 23 at 5, ¶ 6). The Proof of Service clearly states that the service occurred on January 13, not January 12—which is 92 days the Complaint was filed—and that service was made by leaving the pleading at the defendant's home, not by personal service on Mr. Thornton. (*See* Dkt. 7).[4]

Again on October 8, 2021, the Court ordered Plaintiff to proceed with her case. (Dkt. 25). Plaintiff then sought entry of a default judgment on November 8, 2021, repeating falsely that Defendant was personally served on January 12. (Dkt. 26 ¶ 3). Defendant Thornton was killed on November 17, 2021. (Jerdine Decl. ¶ 3).

Plaintiff filed a Suggestion of Death on the record on December 7, 2021, although it was not served on the Personal Representative, who had not yet been appointed. (Dkt. 27). After two requests by Plaintiff for an extension of time to file the required motion for substitution, the Court entered an Order on May 12, 2022, staying the case pending appointment of the Personal Representative. (Dkt. 31). The

---

[4] These misrepresentations that "personal service" was made on Mr. Thornton "on January 12, 2021" are repeated throughout Plaintiff's filings. (*See* Dkt. 21 ¶ 1; Dkt. 26 ¶ 3; Dkt. 28 ¶ 2; Dkt. 29 ¶ 2; Dkt. 30 ¶ 3).

Court further "**ORDER[ED]** Plaintiff to promptly file a notice on the docket once a ruling has been issued in the probate case." (*Id.* at 2).

The Fayette County Probate Court issued Letters Testamentary to the Personal Representative on August 22, 2022.  (Jerdine Decl. ¶ 17; Anderson Decl. ¶ 6; Dkt. 32-1 at 2).

On December 28, 2022, Plaintiff notified the Court that the Personal Representative had been appointed, and she filed her Motion for Substitution, representing to this Court that the motion was served on the Personal Representative and her counsel via personal service:

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading or other paper was served via personal service upon:

Jermia Jerdine, Administratrix of the Estate of Adolph R. Thornton, Jr., Deceased
135 Serenity Place
Fayetteville, GA 30214
*Substituted Defendant*

AND

Precious Anderson, Esq.
The Anderson Firm, LLC
1100 Spring Street NW, #730
Atlanta, GA 30309

DATED: December 28, 2022                    Respectfully submitted,

/s/ *Anita Marie Lamar*
Anita Marie Lamar
LAMAR LAW OFFICE, LLC
P.O. Box 2558
5400 Hugh Howell Road, #140
Tucker, GA 30085

(Dkt. 32 at 3).  As established by the Declarations attached as Exhibits A and B, this

representation was false on both counts. The Personal Representative had sold her home on Serenity Place five months prior to the date of purported service and has declared unequivocally that she was not served with the Motion for Substitution, either at that address or any other address. (Jerdine Decl. ¶¶ 12-15). Plaintiff has not filed a return of service demonstrating Rule 4 service of the Motion for Substitution upon the Personal Representative, nor could she, as it never happened. Similarly, the Personal Representative's estate counsel, Ms. Anderson, was not served at 1100 Spring Street, which is a previous address where her law firm is no longer located. (Anderson Decl. ¶¶ 7-9). Indeed, the representation in the Motion for Substitution is undercut by Plaintiff's filing on January 5, 2023, of an Affidavit of Service (Dkt. 34), reflecting personal service of the Motion to Substitute on Ms. Anderson at her home address.

Relying on Plaintiff's misrepresentation about service, this Court lifted the stay and granted the Motion for Substitution on January 5, 2023. (Dkt. 35). Undersigned counsel was retained on February 1, 2023, and filed their Notices of Special Appearance that same day. (Dkts. 37, 38, 39).

## ARGUMENT

Plaintiff filed her Motion for Substitution pursuant to Federal Rule of Civil Procedure 25(a), which provides that "[i]f a party dies and the claim is not

extinguished, the court may order substitution of the proper party." Substitution of parties under Federal Rule of Civil Procedure 25(a) is improper in this case for several reasons. First, the Personal Representative was never personally served with the Motion for Substitution, which means the Court lacks jurisdiction over the Personal Representative. Second, the claim is extinguished because the original Defendant was never served with process. Third, the claims were void in the first instance because they were filed outside the statute of limitations. Finally, substitution is within this Court's discretion, and the Court should deny Plaintiff's request given Plaintiff's inexcusable delays throughout this case that would unduly prejudice the Personal Representative if she had to defend this action nearly 4 ½ years after the purported tort occurred.

## I.     Standard for Reconsideration

"Motions for reconsideration are left to the sound discretion of the district court and are to be decided 'as justice requires.'" *Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1223 (N.D. Ga. 2012) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir.1993)) (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005)). A motion for reconsideration is "generally appropriate where there is . . . a need to correct a clear error of law or fact." *Id*. "A motion for reconsideration should not be

used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion." *Id.*

This Motion for Reconsideration should be granted for the following reasons. First, the Court's Order (Dkt. 35) is grounded on errors of fact based on Plaintiff's false statements that she personally served the Personal Representative and had perfected service of process upon Mr. Thornton. Second, because the Court granted the Motion for Substitution six days before the Personal Representative's deadline to respond, resulting in the Personal Representative not responding, her Motion for Reconsideration necessarily does not present "arguments already heard and dismissed, or . . . offer new legal theories or evidence that could have been presented in the previously-filed motion."

## II.   Substitution Was Improper Because the Personal Representative Was Not Served with the Motion.

The grant of substitution in this case was improper because, contrary to Plaintiff's false representation, the Motion for Substitution was not served on the Personal Representative or her authorized representative in compliance with Federal Rule of Civil Procedure 25(a)(3). Absent service that satisfies Federal Rule of Civil Procedure 4(e), this Court lacks jurisdiction over the Personal Representative,

rendering the grant of substitution improper. *See*, *e.g.*, *Wyndham Vacation Ownership, Inc. v. U.S. Consumer Attorneys, P.A.*, 18-81251-CIV, 2019 WL 7837360, at *1 (S.D. Fla. Aug. 22, 2019) ("Service on the putative new party is a condition precedent to this Court taking any action on the Motion to Substitute. Until service occurs, the Court lacks jurisdiction over [the putative new party].").

### A.    The Personal Representative was not served with the Motion to Substitute.

Federal Rule of Civil Procedure 25(a)(3) provides specifically that "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4."

At the time the Plaintiff filed her Motion to Substitute, the Personal Representative was a nonparty upon whom the motion needed to be served in compliance with Rule 4. *See Silas v. Sheriff of Broward Cnty., Florida*, 55 F.4th 872, 876 (11th Cir. 2022) (reasoning that "nonparty" for purposes of Rule 25's service requirement is the decedent's court appointed personal representative or successor);[5]

---

[5] The Court in *Silas* affirmed dismissal of the lawsuit where the motion for substitution was not filed within 90 days following the filing of the Suggestion of Death even though the Suggestion of Death was not served on the personal representative, because one had not been appointed. The Personal Representative does not rely on that holding in this case because *Silas* was based on specific Alabama law regarding opening estates, and it is unnecessary for this Court to get

*see also Hardy v. Potter*, 4:08-cv-223, 2009 WL 765028, at *1 (S.D. Ga. Mar. 23, 2009) ("[N]onparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons"); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961-62 (4th Cir.1985) (holding that successors and representatives of the deceased party must be personally served the suggestion of death); 3B Moore's Federal Practice Par. 25.06[3] (2d ed. 1991) ("[S]ervice of the suggestion of death upon parties is to be effected in accordance with Rule 5, and upon non-parties as provided in Rule 4.").

Plaintiff has not and cannot demonstrate that she served the Personal Representative under Rule 4. Pursuant to Rule 4(e)(2), a party may effect service by delivering the document "to the individual personally," by leaving a copy of the document "at the individual's dwelling or usual place of abode with someone of suitable age and discretion," or by delivering the document "to an agent authorized by appointment or by law" to receive it. Plaintiff accomplished none of these. Contrary to Plaintiff's false Certificate of Service, she did not deliver the motion to the Personal Representative "personally"—let alone at a home that had been sold more than 4 months prior the purported service. (Jerdine Decl. ¶¶ 13-15). And the

---

bogged down in the somewhat convoluted issue of what triggers the 90-day clock under Rule 25.

Personal Representative has confirmed that the Motion for Substitution was not left with anyone at her home. (Jerdine Decl. ¶ 14).  As discussed below, Plaintiff also failed to serve an authorized agent.

### B. Service on the Personal Representative's attorney does not comply with Federal Rule of Civil Procedure 4.

Plaintiff's service of the Motion for Substitution on the Personal Representative's estate counsel does not satisfy her requirement to effect Rule 4 service on the Personal Representative. As an initial matter, Plaintiff's representation in the Certificate of Service of her Motion for Substitution falsely asserts that Plaintiff served the Motion for Substitution "via personal service" on Ms. Anderson, who is estate counsel for the Personal Representative. (Dkt. 32 at 3). As set forth in Ms. Anderson's declaration, this statement is untrue—not only was Ms. Anderson not at that location on December 28, 2022, but that is no longer the correct address for her office. (Anderson Decl. ¶¶ 7-9).

Plaintiff did manage to personally serve Ms. Anderson with the Motion for Substitution at Ms. Anderson's home on January 3, 2023. (Dkt. 34). But that service did not constitute Rule 4 service on the Personal Representative. Under Rule 4(e)(2)(C), service on an agent is proper service only if that agent is "authorized" to accept service. And under both federal and Georgia law, the mere hiring of an

-14-

attorney to represent a party does not appoint the attorney as agent for accepting service. *See Stone v. Bank of Commerce*, 174 U.S. 412, 421 (1899) ("[A party's attorney] cannot, while acting generally as an attorney for an estate or a corporation, accept service of process which commences the action, without any authority so to do from his principal."); *Crispin v. State*, 360 Ga. App. 485, 489 (2021) ("Our law makes clear that initial service of process on a defendant's attorney is not authorized when personal service is required."). In this case, Ms. Anderson was not asked to accept service for the Personal Representative (Anderson Decl. ¶ 10), she never agreed to accept service (*id*.), and the Personal Representative never gave her—or anyone else—authority to accept service on her behalf, (Jerdine Decl. ¶ 16). Ms. Anderson, estate counsel, does not represent the Personal Representative in this litigation and would not have agreed to accept service in this action. (Anderson Decl. ¶ 11). Thus, there has been no Rule 4 service of the Motion for Substitution on the Personal Representative, and this Court lacks jurisdiction over the Personal Representative. This alone requires that the Court's Order granting substitution (Dkt. 35) be vacated.

Plaintiff's failure to serve the Motion for Substitution of Party upon the Personal Representative is a sufficient basis to reconsider the Court's order and deny Plaintiff's motion.

### C.     Reconsideration of the Court's Order substituting the Defendant is warranted.

In the interests of justice, the Court should exercise its discretion to reconsider its order substituting the defendant, and instead deny the motion. The Court's order is based on a clear error of fact due to Plaintiff's false representation, and the Personal Representative did not have an opportunity to bring the true facts and legal arguments to the Court's attention because the motion was granted before her deadline to respond.

### III.    Even if the Motion Had Been Served, Substitution Is Unavailable Because Plaintiff's Claims Are Extinguished.

Substitution of the defendant is unavailable because Plaintiff's claims were extinguished upon Mr. Thornton's death, including because was service of process was never perfected upon Mr. Thornton and the statute of limitations had expired.

### A.     Federal Rule of Civil Procedure 25 does not permit substitution of a party for extinguished claims.

Federal Rule of Civil Procedure 25 provides that substitution may be proper "[i]f a party dies *and the claim is not extinguished*."  (Emphasis added).  In such a case, the substituted party can step into the shoes of the original party. Thus, the Court must first determine whether the claim has been extinguished—i.e., whether it was abated by a defendant's death. The issue of "whether a cause of action survives

the death of the defendant is determined by the law of the jurisdiction in which the cause of action arose." *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971), *cert. denied*, 403 U.S. 904 (1971); Wright & Miller, Fed. Prac. & Proc. § 1954, Death— Survival of Action ("In determining whether a particular action survives, the court will look to the statute of the appropriate state and to the interpretation given the statute by court decisions.").

> **B.**   **Under Georgia law, claims that were not viable against a defendant while he was living are extinguished when he dies.**

At common law in Georgia, torts were extinguished by the defendant's death. That common law has been abrogated, however, and under O.C.G.A. § 9-2-41, some tort causes of action are not abated by death: "[n]o action for a tort shall abate by the death of either party, where the wrongdoer received any benefit from the tort complained of. . . ." The statute further provides that:

> In case of the death of the defendant, the cause of action shall survive against said defendant's personal representative. However, in the event of the death of the wrongdoer *before an action has been brought against him, the personal representative of the wrongdoer in such capacity shall be subject to the action just as the wrongdoer himself would have been during his life*, provided that there shall be no punitive damages against the personal representative.

O.C.G.A. § 9-2-41. Thus, the cause of action may be prosecuted against the personal representative of the defendant's estate "only if the cause of action was viable against

[the deceased] before his death." *Nalley v. Langdale*, 319 Ga. App. 354, 369 (2012).

When determining if a claim was extinguished under Georgia law, "[a] cause of action has been defined as being the *entire* set of facts which give rise to an enforceable claim." *Id.* (emphasis in original) (citations omitted).

In *Nalley*, which was decided on a motion for summary judgment, the court held that a plaintiff's claim for fraud against the decedent "was extinguished, pursuant to OCGA § 9-2-41," by the defendant's death because there was no evidence in the record supporting the fraud claim. *Id.* at 369-70. [6] Thus, "[b]ecause the plaintiffs had no cause of action" against the decedent before his death, the plaintiff's cause of action did "not survive to his estate." *Id.* at 370.

### C.   Plaintiff's claims against Mr. Thornton were not viable at the time of his death and were thus extinguished.

Plaintiff's claims against Mr. Thornton were not viable at the time of his death and were thus extinguished when he died, including because Plaintiff's claims were

_____

[6] The claims asserted in this case similarly lack substantive merit on the face of the Complaint. Plaintiff cannot establish her claim of intentional infliction of emotional distress or her claim of invasion of privacy because Mr. Thornton reposted a publicly available video of Plaintiff that she herself had already shared on her own Instagram account. *See*, *e.g.*, *Udoinyion v. Re/Max of Atlanta*, 289 Ga. App. 580, 584 (2008) (setting forth elements of claims for intentional infliction of emotional distress and invasion of privacy). Because the Motion for Substitution should be denied on other grounds, however, it is not necessary for this Court to analyze the substantive merits, or lack thereof, of Plaintiff's causes of action.

time barred and they were void for failure to perfect service of process.

### 1. Plaintiff's claims were time barred at the time of Mr. Thornton's death.

Plaintiff's claims were time barred when she filed this action and thus were not viable against Mr. Thornton. A federal court in in a diversity action in Georgia applies the forum state's statute of limitations. *Chau Kieu Nguyen v. JP Morgan Chase Bank, NA*, 709 F.3d 1342, 1345 (11th Cir. 2013) ("Under the Restatement, a federal court should apply the statute of limitations of the forum . . . ."); *Derkach v. Postell Assocs., Inc.*, 1:19-CV-03097-LMM, 2019 WL 9633298, at *2–3 (N.D. Ga. Sept. 9, 2019) (analyzing basis for applying the forum state's statute of limitations—i.e., Georgia's—in a diversity jurisdiction tort action).

Plaintiff's causes of action are for injuries to the person that are subject to the two-year statute of limitations set forth in O.C.G.A. § 9-3-33.  *See*, *e.g.*, *Bauer v. North Fulton Medical Center, Inc.*, 241 Ga. App. 568, 569, 527 S.E.2d 240, 243 (1999) (recognizing applicability of § 9-3-33 to claim for intentional infliction of emotional distress); *Hudson v. Montcalm Pub. Corp.*, 190 Ga. App. 629, 633 (1989) (holding that invasion of privacy claim is subject to two-year statute of limitation).

Here, the statute of limitations had expired before the Complaint was filed, and it was therefore time-barred.  The conduct that underlies Plaintiff's claims—Mr.

Thornton reposting her video—occurred on September 24, 2018. (Jerdine Decl. ¶ 20).[7] Plaintiff then filed her Complaint two years and nineteen days later— exceeding the two-year statute of limitations. (Dkt. 1).

Accordingly, Plaintiff's claim was not viable against Mr. Thornton at the time of his death as was thus extinguished when he died.

### 2.  Plaintiff's lawsuit is void for failure to perfect service of process.

Plaintiff's lawsuit, and thus her claims, is void because she never served the summons and complaint upon Mr. Thornton. Georgia law is settled that "[t]o constitute a valid action, the complaint must be served personally on the defendant. Thus, the original suit is void if service was never perfected [because] the filing of a complaint without perfecting service does not constitute a pending suit." *Alston v. Owners Ins. Co.*, 361 Ga. App. 146, 148 (2021) (citation omitted). That is, "[a] suit commences only after the filing of a petition and the proper service of process upon the defendant as required and authorized by law." *Thorburn Co. v. Allied Media of Georgia, Inc.*, 237 Ga. App. 800, 802 (1999).

Here, service of process was never perfected upon Mr. Thornton. Plaintiff purported to serve the Complaint upon Mr. Thornton by leaving it with "Leah

---

[7] Plaintiff's Complaint alleges her whereabouts in September of 2018, acknowledging that is the beginning of the relevant time frame. (Dkt. 1 ¶ 20).

Johnson"—who Plaintiff claimed was "a person of suitable age and discretion who reside[d]" at Mr. Thornton's "residence of usual place of abode." (Dkt. 7).  But Leah Johnson did not live at Mr. Thornton's residence where service purportedly occurred. (Jerdine Decl. ¶¶ 5-9). Mr. Thornton resided with the Personal Representative and their two children, and no one named Leah Johnson was living with them. (*Id.*). In fact, the Personal Representative does not know anyone named Leah Johnson. (*Id.* at ¶ 8).

A review of the entire set of facts makes it clear that by failing to properly serve Mr. Thornton prior to the running of the statute of limitations, there is no cause of action that remains viable under Georgia law against the representative of Mr. Thornton's estate.  Thus, substitution under Fed. R. Civ. P. 25(a) would be improper.

Once the Court properly denies the Motion for Substitution, the case should be dismissed for lack of a proper defendant.  *See*, *e.g.*, *Escareno v. Noltina Crucible & Refractory Corp.*, 172 F.R.D. 517, 522 (N.D. Ga. 1994) (confirming propriety of dismissal of plaintiff's case for failure to substitute a proper party); *Wallace v. Novartis Pharmaceuticals Corp.*, 984 F. Supp. 2d 377, 383 (M.D. Penn. 2013) (recognizing that the case "should be dismissed with prejudice under Rule 25(a)" following its order vacating the grant of plaintiff's motion for substitution six years earlier where that order "was based on a misrepresentation" in the motion for

substitution even though the motion appeared "on its face" to comply with Rule 25).

## IV.    This Court Has Discretion to Deny the Motion for Substitution.

This Court has discretion under the language of Fed. R. Civ. P. 25(a), which specifies that the court "may" order substitution of the proper party.  In this case, as set forth herein, substitution would be improper because there is no viable cause of action into which the Personal Representative can be substituted as a party. Even if this Court determined that there was somehow a valid pending cause of action, the Court would nevertheless be entitled to exercise its discretion to deny the Motion for Substitution.  Exercise of that discretion would be appropriate in this case where Plaintiff has been dilatory at every turn, resulting in undue prejudice against the Personal Representative if she were forced to attempt to defend this case.  *See*, *e.g.*, *Ashley v. Illinois Cent. Gulf R. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983) (exercising discretion to deny substitution and dismiss case based on "the lack of diligence of Plaintiff's counsel throughout these pleadings").

As set forth above, Plaintiff filed this action more than one year before Thornton's death, but she delayed at every step. First, she failed to even attempt to serve Thornton for over 90 days after filing the Complaint.  Then, she let the case lie dormant month after month, without abiding her obligations under Federal Rules of Civil Procedure 16 and 26. Eventually, ten months after the Complaint was filed,

Plaintiff responded to a show cause order and moved for entry of default almost one year after filing the Complaint. (Dkts. 21, 23). Then months passed as Plaintiff filed a deficient motion for default judgment, sought repeated extensions to serve a suggestion of death, and eventually obtained a stay so she could purportedly wait for the Personal Representative to be appointed and then serve a suggestion of death. (*See, e.g.*, Dkts. 26-31).  In its order staying the case, "[t]he Court **ORDER[ED]** Plaintiff to promptly file a notice on the docket once a ruling has been issued in the probate case [appointing the Personal Representative]." (Dkt. 31 at 2). Plaintiff nevertheless **waited 4 months** from the time that the Personal Representative was appointed to notify this Court. (Dkt. 32, Ex. A (demonstrating Personal Representative's appointment on August 26, 2022, more than 4 months before Plaintiff notified the Court)).  And throughout this, legal odyssey, Plaintiff has repeatedly misrepresented multiple instances of purported personal service.

Plaintiff has demonstrated an unwillingness to pursue this lawsuit, often having to be prodded by the Court to move forward. In this case—unlike in many reported cases—providing Plaintiff with additional time to effectuate service on the Personal Representative would not be appropriate because substitution is not and should not be available here.

## CONCLUSION

Plaintiff has been dilatory in virtually every aspect of this litigation, and this Court should reconsider its Order granting the Motion for Substitution (Dkt. 35) and deny that Motion. The Motion for Substitution falsely represented that it was served "via personal service" on the Personal Representative, but that representation was false. In fact, not only has Plaintiff never served the Personal Representative, but she never even served Mr. Thornton, the original Defendant, with the summons and Complaint. There was no service within the statute of limitations, and therefore there is no viable action into which the Personal Representative can be properly substituted under applicable Georgia law. Even if service had been effected within the statute of limitations, the Motion for Substitution should be denied as a result of Plaintiff's inexcusable delay throughout this lawsuit. The Court should thus reconsider its Order granting the Motion for Substitution, and instead deny it, and then the case should be dismissed for lack of a defendant.

Respectfully submitted this 2nd day of February, 2023.

/s/ Nicole Jennings Wade
Nicole Jennings Wade
State Bar No. 390922
nwade@wgwlawfirm.com

Jonathan D. Grunberg
State Bar No. 869318
jgrunberg@wgwlawfirm.com

-24-

G. Taylor Wilson
State Bar No. 460781
twilson@wgwlawfirm.com

WADE, GRUNBERG & WILSON, LLC
600 Peachtree Street N.E.
Suite 3900
Atlanta, GA 30308
Telephone: (404) 600-1153
Facsimile: (404) 969-4333

*Counsel for Jermia Jerdine, in her capacity
as Personal Representative of the Estate of
Adolph R. Thornton, Jr., deceased,
appearing specially*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel hereby certifies that this **JERMIA JERDINE'S MOTION FOR RECONSIDERATION AND BRIEF IN SUPPORT FILED UNDER SPECIAL APPEARANCE** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and that this has been typed in Times New Roman 14-point font.

Respectfully submitted this 2nd day of February, 2023.

*/s/ Nicole Jennings Wade*
Nicole Jennings Wade