**EXHIBIT A**

**DECLARATION OF JERMIA JERDINE**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AKEISHA NORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 1:20-cv-04235-MLB |
| JERMIA JERDINE, AS ) | |
| ADMINISTRATRIX OF THE ESTATE ) | |
| OF ADOLPH R. THORNTON, JR., ) | |
| ) | |
| Defendant.[1] ) | |
| ) | |

## DECLARATION OF JERMIA JERDINE

Pursuant to 28 U.S.C. § 1746, I, Jermia Jerdine, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1.

All statements contained in this Declaration are true and correct to the best of my knowledge. I am over the age of 18 years of age and am competent to testify on matters contained in this Declaration.

---

[1] As discussed in the notices of special appearance for Ms. Jerdine's counsel, she has not been appropriately substituted as a party to this action, nor has this action been served upon any defendant. Nothing in this filing should be deemed as a waiver of any defense or argument, including with regard to jurisdiction, service of process, or the identity of the parties.

-1-

2.

I submit this Declaration in support of Jermia Jerdine's Motion for Reconsideration of Order granting Substitution Filed Under Special Appearance and for any other purpose available under law.

3.

I was the fiancée of Adolph R. Thornton, Jr. ("Adolph"), at the time of his death on November 17, 2021, and we were in the process of planning our wedding.

4.

I am the mother of Adolph's two sole surviving children.

5.

At the time of Adolph's death, he and I resided together, with our two children, at 135 Serenity Place, Fayetteville, Georgia, 30214 ("Serenity Place Home"), which was owned jointly by the two of us.

6.

We were living at the Serenity Place Home on January 13, 2021, and nobody lived in that home with us except for our two children.

7.

No person named Leah Johnson lived at the Serenity Place Home while I lived there with Adolph, including on January 13, 2021, when the sole adult residents were Adolph and me.

8.

In fact, I am not acquainted with anyone named Leah Johnson.

9.

Thus, the statement in the Proof of Service filed in this litigation on January 15, 2021 (Dkt. 7), that the summons was served at Adolph's residence on a person living there named Leah Johnson is false.

10.

Following Adolph's death, on December 14, 2021, I filed a Petition for Letters of Administration in the Probate Court of Fayette County, Georgia.

11.

That Petition for Letters of Administration accurately reflected my address at that time as the Serenity Place Home.

12.

However, I sold the Serenity Place Home to an unrelated third party on August 1, 2022, and I have not lived there since that time.

13.

I was not personally at the Serenity Place Home on December 28, 2022, and I could not have been served with any papers there at that time.

14.

I have never been served with any pleading or papers—either in person or any other manner—in connection with this lawsuit filed by Akeisha Norris. Specifically, the motion for substitution was not personally delivered to me, nor was it left with anyone at my dwelling or usual place of abode.

15.

The representation in the Certificate of Service for the Suggestion of Death as to Defendant Adolph R. Thornton, Jr., and Motion for Substitution of Party filed in this action on December 28, 2022 (Dkt. 32 at 3), that I was personally served with that pleading—whether at the Serenity Place Home or anywhere else—is false.

16.

No one has ever requested authorization to accept service on my behalf—either individually or as Personal Representative—of any papers in connection with this lawsuit. And I have never authorized anyone to accept service on my behalf—either individually or as Personal Representative—of any papers in connection with this lawsuit.

-4-

17.

I received Letters of Administration from the Probate Court of Fayette County, Georgia, on August 26, 2022, and was formally appointed as Administrator of Adolph's Estate.

18.

I am familiar with Adolph's Facebook post that is the subject of this lawsuit (the "Facebook Post").

19.

The Facebook Post was made by Adolph on September 24, 2018.

20.

This is a true and correct screenshot of the Facebook Post from Adolph's Facebook page, which is still active, and this Facebook Post can be viewed at https://fb.watch/iqxV-gr1es/:

-5-



21.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DocuSigned by:

Jermia Jerdine
843A937BBB1C442...

Jermia Jerdine

Dated: February 2, 2023

-6-