## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| AKEISHA NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | 1:20-cv-04235-MLB |
| v. | ) | |
| | ) | |
| JERMIA JERDINE, as Administratrix | ) | |
| of THE ESTATE OF ADOLPH R. | ) | |
| THORNTON, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFFS MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

## PRELIMINARY STATEMENT

Plaintiff, AKEISHA NORRIS, provides the herein Memorandum of Law in opposition to the Motion for Reconsideration filed by Defendant JERMIA JERDINE, as Administratrix of THE ESTATE OF ADOLPH R. THORNTON, JR.. In said Motion, Defendant requests the Court reconsider its Order of January 5, 2023, wherein the Court lifted the stay, reinstated Plaintiff's Motion for Default Judgment, denied same, and proceeded to grant Plaintiff's Motion for Substitution of Party, substituting Jermia Jerdine in place of original Defendant Adolph Thornton, Jr.,

given that Thornton had died and Jerdine is the Personal Representative of Thornton's Estate.

In support of her Motion for Reconsideration, Defendant Jerdine makes three primary assertions: (1) that she as Personal Representative of the Estate of Adolph Thornton, Jr., was never personally served with Plaintiff's Motion for Substitution; (2) that Plaintiff's claim is extinguished because Defendant Thornton was never served with process; and (3) that Plaintiff's claims are void because they were filed outside of the statute of limitations. All of these claims made by Defendant Jerdine are false, and thus, the instant Motion for Reconsideration should be denied in its entirety.

## ARGUMENT

I. **THIS COURT HAS PERSONAL JURISDICTION OVER JERMIA JERDINE BECAUSE MS. JERDINE'S COUNSEL ACCEPTED SERVICE ON HER BEHALF AND MS. JERDINE HAS VOLUNTARILY APPEARED**

### A. Counsel's Representation in the December 28, 2022, Certification of Service was not an affirmative misrepresentation by Plaintiff, as Defendant alleges

In support of her contention that this Court lacks personal jurisdiction over Personal Representative Jermia Jerdine due to what her counsel alleges to be ineffective service of process, Defendant's counsel asserts, incorrectly, that the representations made by Plaintiff's counsel with respect to service in the Certificate

of Service which accompanied her December 28, 2022, Suggestion of Death and Motion to Substitute Party, were intended to be deceptive or misleading.

It is true that the Certificate of Service which accompanied Plaintiff's December 28, 2022, Suggestion of Death and Motion to Substitute Party indicates that Personal Representative Jerdine was "served via personal service" at an address in Fayetteville, Georgia. As the Court well knows, such Certificates of Service are regularly drafted and filed contemporaneously with a motion, and thus, the contents of a Certificate of Service are speculative in nature, in that the service contemplated by the Certificate has not happened yet at the time such a Certificate is filed. Thus, the Certificate of Service only reflects counsel's *intentions* with respect to service. The returned Proof of Service is what actually demonstrates that such service was, in fact, effectuated.

Thus, there was nothing intentionally deceptive or misleading about Plaintiff's filed Certificate of Service which accompanied the Suggestion of Death and Motion to Substitute Party, as Plaintiff actively made efforts to effectuate the very service outlined in said Certificate of Service. Unfortunately, for the reasons articulated in Defendant's instant Motion, personal service upon Ms. Jerdine at the Serenity Place address in Fayetteville, Georgia, could not ultimately be effectuated as, per her counsel's claims, Ms. Jerdine had apparently sold that home, "five month's prior to the date of purported service" on December 28, 2022.

3

Importantly, it should be noted that Plaintiff came to learn of this address for Ms. Jerdine through the Fayetteville, Georgia probate court's online portal which still reflects that Ms. Jerdine's address is 135 Serenity Place, Fayetteville, GA 30214, and did as well at the time she was appointed Administrator of Adolph R. Thornton, Jr.'s estate on or about August 26, 2022, less than five month's from the date of service indicated in Plaintiff's Certification of Service. Be that as it may, a search of the Fayetteville County property records do corroborate that Ms. Jerdine sold the home at 135 Serenity Place on or about August 1, 2022.

| | Sale Date | Sale Price | Instrument | Deed Book | Deed Page | Sales Validity | Owner | Previous Owner |
|---|---|---|---|---|---|---|---|---|
| > | 8/1/2022 | $1,475,000 | | 5527 | 0182 | FAIR MARKET VALUE | DAVIS SHANTE | JERMIA JERDINE |

Thus, despite Plaintiff's efforts, Plaintiff was unsuccessful at effectuating personal service upon Ms. Jerdine at the 135 Serenity Place, but again, it must be stated clearly that the representation contained in Plaintiff's Certification of Service was not intended to be deceptive, but was again a product of the fact that it was drafted and filed before such service was even attempted, as is standard practice. In retrospect, perhaps better language in the Certificate of Service, rather than, "I hereby certify that the foregoing pleading or other paper was served," would have been, "I hereby certify that I caused a copy of the foregoing pleading or other paper to be sent out for service," but in no way was the former, utilized language intended to be a misrepresentation to the Court. Rather, it was a statement of intention, which had to be certified to given the order of operations as to filing and service, followed

by an attempt to effectuate such service, which unfortunately, was unsuccessful due to reasons beyond Plaintiff's control.

### B. Defendant's counsel, Precious Anderson, accepted service on behalf of Jermia Jerdine

In further support of her contention that Defendant Personal Representative Jermia Jerdine was not served, Defendant's attorneys, state that, despite attorney Precious Anderson being personally served Plaintiff's filed Suggestion of Death and Motion to Substitute Party, that such personal service upon her was ineffective as to service upon Jermia Jerdine, her client, as she was not "authorized" per Fed. R. Civ. P. 4(e)(2)(C) to accept such service on Ms. Jerdine's behalf.

Plaintiff cannot speak to what Ms. Anderson was, or was not, authorized to do on Ms. Jerdine's behalf as Plaintiff is not privy to the attorney-client agreement as between them, nor did Plaintiff participate in those discussions, but the fact remains that attorney Anderson *did in fact accept service* of the aforesaid documents on behalf of Ms. Jerdine, as reflected in the January 2, 2023, Proof of Service filed to the Docket (Dkt. 34).

Additionally, on January 16, 2023, Plaintiff's counsel, Joseph Cannizzo Jr., emailed attorney Anderson. Said email contained two attachments: (1) A copy of a subpoena for estate documents which was issued to the Chief Clerk of the Fayette County Probate Court, and (2) a letter to attorney Anderson, which began as follows:

> As you are aware from your prior receipt of the Suggestion
> of Death which was filed in the above-referenced matter,
> I represent the Plaintiff, Akeisha Norris, in ongoing civil
> litigation in which your client, Jermia Jerdine, as
> Administrative on behalf of the Estate of Adolph R.
> Thornton, Jr. ("the Estate"), is a named Defendant.

(*A true and correct copy of this email and letter are collectively annexed hereto as,* **EXHIBIT "A"**).

At no time following the sending of that January 16, 2023, email, did attorney Anderson respond to Plaintiff's counsel informing them that she was not accepting service on Ms. Jerdine's behalf. Rather, she was personally served, and did in fact accept service, on January 2, 2023, without protest. She was then emailed in reference to the matter on January 16, 2023, and again did not protest service. It wasn't until the filing of the instant Motion for Reconsideration on February 2, 2023, a full month from the date attorney Anderson was personally served, and several weeks following attorney Cannizzo's email, that Defendant voiced for the first time that she was contesting service upon herself via service upon her authorized agent, and thus, she should be estopped from prevailing on such an argument.

### C. This Court has personal jurisdiction over Jermia Jerdine as she has voluntarily appeared, and thus, consented to personal jurisdiction.

Finally, in further support of her argument that this Court should reconsider its prior Order of January 5, 2023, Defendant's counsel argues that this Court lacks personal jurisdiction due to the allegedly defective service upon her, as articulated earlier herein. Assuming *arguendo* that the Court is unconvinced by Plaintiff's

argument that service was effective upon Ms. Jerdine via personal service upon attorney Anderson as her authorized agent (a fact, which again, attorney Anderson failed for a full month to contest, despite multiple opportunities to do so), this Court nonetheless has personal jurisdiction over Ms. Jerdine because she has voluntarily appeared in this matter, and has thus consented to personal jurisdiction.

On February 1, 2023, three attorneys, Nicole Jennings Wade, Johnathan David Grunberg, and G. Taylor Wilson, of the law firm Wade, Grunberg & Wilson, LLC, all filed their Notice of Appearance on behalf of Defendant Jermia Jerdine. It is well established that an "attorney's entry of a notice of appearance on [a client's] behalf d[oes] not constitute a waiver [of personal jurisdiction] as the equivalent of a 'general appearance'," Pouyeh v. Public Health Trust of Jackson Health System, 718 Fed.Appx. 786, 790 (11th Cir. 2017).

That said, it is clear that, "objections to service of process 'can be waived by the party over whom jurisdiction is sought.'" Id. citing, Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). This is because, "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Id. Critically, "Such objections [to personal jurisdiction] are deemed waived 'if not raised under Fed. R. Civ. Pro. 12." Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs., 553 F.3d 1351, 1360 (11th Cir. 2008).

Importantly, pursuant to Rule 12, "the defendant must include the defense in either its pre-answer motion to dismiss, or if no pre-answer motion is filed, then the defense must be included in the defendant's answer." Id. "A party who fails to do so is deemed to have waived his or her objection under Rule 12(h)." Id. *See also*, Pardazi, supra. at 1317.

This is consistent with the language of Rule 12 itself, specifically at 12(h)(1)(B)(i), wherein the Rule states, "A party waives any defense listed in Rule 12(b)(2)-(5) by... failing to [] make it by motion under this rule." As this applies herein, the specific defenses which Defendant's attorneys raises in their instant Motion are lack of personal jurisdiction – the defense arising under Rule 12(b)(2) – and insufficient service of process – the defense arising under Rule 12(b)(5).

Importantly, however, <u>the instant Motion filed by Defendant was not made under Rule 12, and is not a Rule 12(b) Motion to Dismiss</u>. Rather, the instant Motion is a Motion is very clearly called a Motion for Reconsideration, and Defendant's counsel even state in the first sentence of the Motion papers, that the Motion is made, "Pursuant to Local Rule 7.2(E) and Federal Rule of Civil Procedure 59(e)..."

Quite clearly then, given that Defendant failed to file a Motion under Rule 12(b), which would have been the proper mechanism to contest personal jurisdiction or the sufficiency of service of process, under Rule 12(h) as cited, and the aforecited case law, Defendant Jerdine has therefore waived her objection to personal

jurisdiction and the sufficiency of service, and has thus consented to this Court's personal jurisdiction over her by her appearance via the instant Motion, especially considering "the Federal Rules of Civil Procedure abolished the technical distinction between general and special appearances." Pouyeh, supra. at 791.

## II.    PLAINTIFF'S CLAIMS WERE NOT EXTINGUISHED UPON ORIGINAL DEFENDANT THORNTON'S DEATH AS DEFENDANT THORNTON WAS SERVED

Defendant Jerdine's second argument as to why this Court should reconsider its prior Order of January 5, 2023, is her assertion that Plaintiff's claims are extinguished because Defendant Thornton was never served with process. This is simply not so.

Following Plaintiff's filing of her Complaint on or about October 13, 2020, Plaintiff proceeded to serve original Defendant Adolph R. Thornton, Jr., or about January 13, 2021, at his home located at 135 Serenity Place, Fayetteville, GA 30214, via substituted service upon a Leah Johnson, a person of suitable age and discretion who purported to reside there.

While Defendant claims that, "Leah Johnson did not live at Mr. Thornton's residence where service purportedly occurred," Ms. Johnson nonetheless purported to live there to Plaintiff's process server and accepted service on Defendant Thornton's behalf at that address. Plaintiff does not purport to know the intimate details of Defendant Thornton's living arrangements, and thus, had no reason to

question the sufficiency of this service, given that process server Muhsin Hassan declared under penalty of perjury in his executed Proof of Service that the statements contained therein are true.

Additionally, the executed Proof of Service was filed to the docket on January 15, 2021. Only now, over two years later, in Defendant Jerdine's Motion for Reconsideration, filed on February 2, 2023, is the sufficiency of this service questioned.

Again, however, for the same reasons articulated in argument I.(C.) herein, Defendant Jerdine has waived her argument as to the sufficiency of service of process upon original Defendant Thornton given that, "A party waives any defense listed in Rule 12(b)(2)-(5) by... failing to [] make it by motion under this rule." Again, the instant Motion of Defendant Jerdine is a Motion for Reconsideration arising under Local Rule 7.2(E) and Federal Rule of Civil Procedure 59(e), not a Motion to Dismiss arising under Rule 12, which would have been the proper mechanism to contest the sufficiency of service of process. Thus, under Rule 12(h) as cited earlier herein, and the aforecited case law, Defendant Jerdine has therefore waived this defense.

As a result, given both this waiver and the filed Proof of Service, service upon original Defendant Thornton must be deemed to have been sufficient, and thus,

Plaintiff's claims are not extinguished due to any purported deficiency with respect to service.

### III.   PLAINTIFF'S CLAIMS ARE NOT EXTINGUISHED AS THEY WERE NOT TIME-BARRED AS DEFENDANT ALLEGES

Defendant Jerdine's third and final argument as to why this Court should reconsider its prior Order of January 5, 2023, is her assertion that Plaintiff's claims were time-barred at the time of original Defendant Thornton's death. This is simply not so.

In support of her argument, Defendant states that, "The Facebook post at issue was made on September 24, 2018 – a fact conveniently omitted from [Plaintiff's] Complaint. Thus, the Complaint filed on October 13, 2020, was outside the 2-year statute of limitations applicable under Georgia law." Frankly, the reason that the date upon which the Facebook post was made was omitted from Plaintiff's Complaint is simple: it is an irrelevant. Put simply, September 24, 2018, the date the subject Facebook post was made, is not the appropriate starting point from which to measure the 2-year statute of limitations.

As Defendant's counsel rightly state, "Plaintiff's causes of action are for injuries to the person that are subject to the two-year state of limitations set forth in O.C.G.A. § 9-3-33." What Defendant's counsel omit, however, is that, per O.C.G.A.

§ 9-3-33, "Actions for injuries to the person shall be brough <u>within two years after</u> <u>the right of action</u> **accrues**..." (emphasis added).

Importantly, under O.C.G.A. § 9-3-33, a Plaintiff's "claims begin to accrue and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action." <u>Mullinax v. McElhenney</u>, 817 F.2d 711, 716 (11th Cir. 1987).

While it is true that if the measuring point for the applicable statute of limitations were to begin running on September 24, 2018, the date the subject Facebook post was made, than Plaintiff's claims would have been time-barred upon her filing of her Complaint on October 13, 2020, however, Plaintiff did not know or have reason to know of the injury that emotional injury that she suffered and which is the basis of the action, until much later, and following extensive psychiatric therapy. Thus, Plaintiff's claims did not accrue for statute of limitations purposes until the latest psychiatric diagnosis which is attributable to Defendant Thornton's conduct in posting the Facebook video, not the date the video itself was posted.

Given that Plaintiff filed her Complaint well within two years from the date her claims *accrued*, said claims were not time-barred as against original Defendant Thornton, and thus, are perfectly viable as against Defendant Jermia Jerdine.

## **CONCLUSION**

For the forgoing reasons, the Defendant's motion should be denied in its entirety. There has been no "dilatory conduct" on Plaintiff's part, nor has Plaintiff ever acted with the intent to cause delay or deceive. The procedural posture of this matter has simply been – as I'm sure the Court would agree – atypical, and given that, Plaintiff has acted appropriately and to the best of her ability throughout. Given the foregoing arguments and authorities cited, Defendant Jermia Jerdine's arguments are meritless and the defenses she raises have been waived by her own failures to appropriately raise them under Rule 12 as the Federal Rules of Civil Procedure and controlling case law require.

As such, there is no reason for this Court to disturb its original Order of January 5, 2023, and thus, in the interest of justice, Plaintiff respectfully requests this Court deny Defendant Jermia Jerdine's Motion for Reconsideration in its entirety.

DATED: <u>March 6, 2023</u>     Respectfully submitted,

<br>

           /s/ *Anita Marie Lamar* _
           Anita Marie Lamar
           LAMAR LAW OFFICE, LLC
           P.O. Box 2558
           5400 Hugh Howell Road, #140
           Tucker, GA 30085
           Phone: (678) 819-5200
           Fax:   (678) 819-5276
           Email: anita@atlantalegalcare.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing pleading or other paper to be sent out for service to all counsel of record via filing to the CM/ECF, and via Certified Mail to :

Precious Anderson, Esq.
1830 Childress Drive
Atlanta, GA 30311


DATED: March 6, 2023                                Respectfully submitted,



                                                    /s/ *Anita Marie Lamar*
                                                    Anita Marie Lamar
                                                    LAMAR LAW OFFICE, LLC
                                                    P.O. Box 2558
                                                    5400 Hugh Howell Road, #140
                                                    Tucker, GA 30085
                                                    Phone: (678) 819-5200
                                                    Fax:    (678) 819-5276
                                                    Email: anita@atlantalegalcare.com