# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| AKEISHA NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:20-cv-04235-MLB |
| JERMIA JERDINE, AS | ) | |
| ADMINISTRATRIX OF THE ESTATE | ) | |
| OF ADOLPH R. THORNTON, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JERMIA JERDINE'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION
## FILED UNDER SPECIAL APPEARANCE

Jermia Jerdine, in her capacity as Personal Representative of the Estate of Adolph R. Thornton, Jr., deceased ("Personal Representative"), by and through her undersigned counsel, respectfully makes a special appearance in this Court to file this reply in support of her Motion for Reconsideration (Dkt. 40) of this Court's Order dated January 5, 2023 (Dkt. 35), granting Plaintiff's Motion for Substitution of Party (Dkt. 32).

## INTRODUCTION

As an initial matter, Plaintiff's Brief opposing the motion for reconsideration [Dkt. 41] is untimely and should be disregarded by the Court. The Motion for

-1-

Reconsideration was filed on February 2, and Local Rule 7.1(B) therefore required that any opposing brief be filed not later than February 16. Plaintiff's untimely brief was not filed until March 6, with no request for leave to file out of time or explanation for the untimely filing. Local Rule 7.1(B) also provides that "[f]ailure to file a response shall indicate that there is no opposition to the motion."

Considering the brief, however, merely reinforces the fact that the Personal Representative's Motion for Reconsideration should be granted. Plaintiff has conceded in her brief the following dispositive facts:

- Plaintiff never served the Motion to Substitute Party personally on the Personal Representative (Dkt. 41 at 3-4);

- Plaintiff has no basis to contend that Ms. Anderson was authorized to accept service on behalf of the Personal Representative as she "cannot speak to what Ms. Anderson was, or was not, authorized to do on Ms. Jerdine's behalf" (Dkt. 41 at 5);

- Plaintiff has no evidence of service on Mr. Thornton beyond the Proof of Service that has been disproved by the Declaration of the Personal Representative and is therefore insufficient (Dkt. 41 at 9-10); and

- Plaintiff's claim is barred by the statute of limitations because "if the measuring point for the applicable statute of limitations were to begin

running on September 24, 2018, the date the subject Facebook post was made, then Plaintiff's claims would have been time-barred upon her filing of her Complaint on October 13, 2020" (Dkt. 41 at 12).

The undisputed facts and applicable law demonstrate that the Personal Representative was not served with the Motion for Substitution, and the grant of that motion therefore should be reconsidered and reversed. The undisputed facts and applicable law further demonstrate that the causes of action in Plaintiff's Complaint were extinguished by Mr. Thornton's death as a result of Plaintiff's failure to timely serve Mr. Thornton with process prior to the running of the statute of limitations. Therefore, there is no proper defendant available, and the case should be dismissed.

## ARGUMENT

## I.   This Court Lacks Jurisdiction Over the Personal Representative.

Plaintiff has admitted that her motion for substitution was never served on the Personal Representative, in violation of Federal Rule of Civil Procedure 25(a)(3).[1]

---

[1] Plaintiff's assertion that representations made by counsel in a Certificate of Service are merely "speculative" is not a position shared by this Court. *See, e.g.*, *Bruce v. Cenlar, FSB*, No. 1:18-cv-3741-TCB-JKL, 2019 WL 12528973, at *2 (N.D. Ga. Sept. 10, 2019) (noting that plaintiff who filed an "inaccurate certificate of service" has an obligation "to be truthful with the Court"). Nor is Plaintiff's view shared by the Georgia State Bar. *See, e.g.*, *Matter of Moore*, 300 Ga. 407, 408 (2016)

Thus, by Plaintiff's own admission, the rebuttable presumption of service arising from the Certificate of Service attached to the Motion for Substitution has been rebutted. *See, e.g.*, *Wilkes v. Sightler*, No. CV-309-053, 2011 WL 1575193, at *2. (S.D. Ga. Apr. 26, 2011). And because sufficiency of service has been challenged, it is Plaintiff's burden to demonstrate that she complied with Rule 4 in completing service. *See, e.g.*, 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1083 (3d ed.). Because the Motion for Substitution was never served on the Personal Representative, this Court never acquired jurisdiction over her, and the grant of the motion for substitution was improper.

Plaintiff's only bases for asserting that this Court has personal jurisdiction over the Personal Representative are that her counsel was served and that Plaintiff has waived her right to contest jurisdiction. Neither argument has any merit.

## A.    Ms. Anderson Was Not Authorized to Accept Service.

Plaintiff improperly conflates authorization of an attorney to accept service on behalf of a client with the physical act of handing a pleading to an attorney. The fact that Ms. Anderson was handed a document and accepted it, "without protest," does not mean that she was authorized to accept service on behalf of her client.

_____

(imposing a one-year suspension on attorney who filed pleadings "with a certificate of service falsely stating that he had served the [opposing counsel] by hand").

Plaintiff readily admits that she "cannot speak to what Ms. Anderson was, or was not, authorized to do on Ms. Jerdine's behalf." (Dkt. 41, 5). That admission is dispositive in favor of the Personal Representative. Plaintiff has cited no law in support of her contention that mere physical service demonstrates that the attorney was in fact authorized to accept service—particularly where the only undisputed evidence on record is that the attorney was not so authorized and never represented that she was. (Dkt. 40-1 ¶ 16; Dkt. 40-2 ¶¶ 10-11). To the contrary, "[a]bsent evidence that an attorney is the authorized or appointed agent for acceptance of service, service on Defendant's attorney does not effect service pursuant to Rule 4(e) or (h)." *Walker v. MERS, Mortg. Elec. Registration Sys., McCurdy & Candler, LLC*, No. 1:08-CV-0377-JEC-JFK, 2009 WL 10812135, at *4 (N.D. Ga. 2009).

## B.     The Personal Representative Has Not Waived Jurisdiction.

The Personal Representative has not waived her right to contest jurisdiction by making a special appearance in this matter. Plaintiff incorrectly asserts that because Plaintiff did not file a motion to dismiss under Federal Rule of Civil Procedure 12(b), she has waived any objection to personal jurisdiction and consented to this Court's jurisdiction over her.  To the contrary, the Personal Representative's Motion for Reconsideration is an appropriate procedural device to contest personal jurisdiction.

A party's right to object to the Court's jurisdiction on the ground of insufficient service of process is waived only "if the party fails to assert that objection in his first Rule 12 motion, other initial pleading or general appearance." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). The Eleventh Circuit Court of Appeals has held that it is appropriate for a party to challenge personal jurisdiction in a motion filed under Federal Rule of Civil Procedure 60(b). *Id.*; *see also Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852 (11th Cir. 2010) (no waiver when objection raised in Rule 60(b) motion); *Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1370-71 (N.D. Ga. 2013) (finding no waiver where "the defense *was* raised in the first responsive pleading or paper filed, aside from the motion to set aside default"). This Court has recognized specifically that the defense of lack of jurisdiction was not waived when it was raised for the first time on a motion for reconsideration. *Watwood v. Barber*, 70 F.R.D. 1, 6-7 (N.D. Ga. 1975). The holding in *Watwood* is consistent with the Eleventh Circuit authority because the Federal Rules of Civil Procedure do not actually provide for a "motion for reconsideration," but "the basis for such a motion arises from either Rule 54(b), Rule 59(e), or Rule 60(b)." *Williams*

*v. Becker*, No. 1:18-cv-05348-SCJ, 2019 WL 11364954, at \*1 (N.D. Ga. Jul. 26, 2019).[2]

The Eleventh Circuit's opinion in *Pouyeh v. Public Health Trust of Jackson Health System* does not help Plaintiff. 718 Fed. App'x 786 (11th Cir. 2017). In that case, the Eleventh Circuit recognized that even if the defendants had failed to comply with Rule 12, "the defendants' conduct in this case does not show that they 'invoke[d] the judgment of the court on any question other than jurisdiction.'" *Id.* at 791. Instead, in *Pouyeh*, "the defendants properly raised their objection to the sufficiency of service of process in their first response to Pouyeh's complaint." *Id.*; *see also Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004) ("[W]e look to [defendant]'s papers and pleadings alone to determine whether he objected to the district court's jurisdiction over his person.").

It is necessary only that a party raise its defense to personal jurisdiction in the first instance, and the Personal Representative has done so in this case. While the Personal Representative did not cite Rule 12(b), she raised her challenge to personal

---

[2] Although the Personal Representative cited Federal Rule of Civil Procedure 59 as a basis for her Motion for Reconsideration, this Court has discretion to recharacterize a Rule 59 motion as a Rule 60 motion if appropriate because the rules "appear to overlap," and "the style of a motion is not controlling." *Finch v. City of Vernon*, 845 F.2d 256, 258-59 (11th Cir. 1988).

jurisdiction by motion, which is all that is required to prevent waiver because "it no longer is necessary to . . . employ any particular set of words to challenge a federal court's personal jurisdiction, venue, or service of process." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1344 (3d ed.). Even if the Court finds the title of the Personal Representative's motion to be inaccurate, it is clear that Plaintiff is on notice that the Personal Representative is challenging this Court's jurisdiction over her. *See IOU Cent., Inc. v. Downing*, 1:20-CV-02109-ELR, 2021 WL 851897, at *6 n.9 (N.D. Ga. Feb. 24, 2021), *amended on other grounds*, 2021 WL 9638524 (Oct. 22, 2021) (finding no waiver of personal jurisdiction defense despite "potentially confusing" styling of motion where "the text of [defendant's] brief includes substantive arguments that this Court lacks personal jurisdiction" and plaintiff's response "makes clear [it] is on notice that all Defendants assert lack of personal jurisdiction because it makes arguments in rebuttal").

Indeed, a Rule 12(b) motion would not have been the appropriate vehicle to challenge jurisdiction in this case given its procedural posture. If the Motion for Substitution had in fact been served on the Personal Representative, as Plaintiff falsely represented that it was, then the first pleading filed by the Personal Representative would have been an objection to the Motion for Substitution. Because the Personal Representative was not served, and the Motion for Substitution

was granted before the Personal Representative's response deadline, she was denied the right to contest it.[3] Thus, the Personal Representative appropriately challenged personal jurisdiction in her motion asking the Court to reconsider its order, to deny the requested substitution, and then to dismiss the action for lack of a defendant.

## II.    Plaintiff's Claim Was Extinguished by Mr. Thornton's Death.

Plaintiff's admissions further establish that her claims against Mr. Thornton were extinguished by his death because she failed to properly serve him with the Complaint prior to his death. Substitution under Federal Rule of Civil Procedure 25(a) is permissible only where "the claim is not extinguished" by the party's death. Under Georgia law, it is clear that Plaintiff's claim is barred by the statute of limitations and was extinguished by Mr. Thornton's death.

### A.    Plaintiff Has Not Satisfied Her Burden to Establish Service.

Plaintiff offers no proof of service beyond the boilerplate language in the Proof of Service, and she has therefore failed to satisfy her burden to establish service given that the Proof of Service has been challenged by competent evidence.

---

[3] Both the Seventh Circuit and Third Circuit Courts of Appeals have held that "a motion to substitute filed without serving the personal representative of the deceased plaintiff's estate was 'a nullity.'" *Giles v. Campbell*, 698 F.3d 153, 159 (3d Circ. 2012) (quoting *Atkins v. City of Chicago*, 547 F.3d 869, 874 (7th Cir. 2008)).

A return of service is *prima facie* evidence of service, but it "may be rebutted by proof that its facts are not true." *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1478 (N.D. Ga. 1997) (return of service filed by sheriff's office subject to rebuttable presumption). Once the defendant comes forth with credible evidence that service was not accomplished, the burden is on the plaintiff to offer admissible evidence that service was in fact made on an authorized person. *Id.*

In this case, the Personal Representative has established by credible evidence—her own sworn declaration—that the purported service claimed in the Proof of Service did not actually occur. (Dkt. 40-1 ¶¶ 5-9). The Personal Representative has established that the service claimed in the Proof of Service was not possible because it was ostensibly made at the home she shared with Mr. Thornton and their children to someone named "Leah Johnson," but no one by the name of "Leah Johnson" lived with them. Indeed, the Personal Representative does not even know anyone by the name of "Leah Johnson."

As in *Ritts*, "Plaintiff has offered no affidavits or other admissible evidence indicating that the person served . . . was actually an agent for Defendant." *Id.* Instead, Plaintiff claims with no evidence other than the Proof of Service that "Leah Johnson" "purported to reside there" while also admitting that Plaintiff "does not purport to know the ultimate details of Defendant Thornton's living arrangements."

(Dkt. 41, 9). Plaintiff has failed to proffer any evidence to contradict the direct testimony of the Personal Representative that the statements in the Proof of Service were inaccurate. *See, e.g.*, *Melton v. Wiley*, 262 Fed. App'x 921, 923 (11th Cir. 2008) (finding no service where the defendant submitted an affidavit denying that he had been served and "Plaintiff proffered nothing to support the process server's assertion" that service was made on someone authorized to accept service); *Alston v. Wells Fargo Home Mortg.*, No. 1:11-CV-0145-CC-JFK, 2011 WL 13217830, at *4-5 (N.D. Ga. Nov. 16, 2011) (holding that the affidavit of a process server stating that he accomplished service by leaving the complaint with "Barbara Hill" was insufficient given the defendant's affidavits that no one named "Barbara Hill" had ever worked for the defendant).

## B.    Plaintiff's Claims Are Time-Barred.

Plaintiff has also admitted facts establishing that her claims were time-barred when filed, which means that failure to timely serve Mr. Thornton caused her claims to be extinguished upon his death (assuming they could have had any validity in the first instance).

Plaintiff admits that a two-year statute of limitations applies to her causes of action, and she admits that the allegedly tortious Facebook post was made more than two years prior to her filing of the Complaint. She contends, however, that her

"claims did not accrue for statute of limitations purposes until the latest psychiatric diagnosis which is attributable to Defendant Thornton's conduct in posting the Facebook video, not the date the video itself was posted." (Dkt. 41, 12). Plaintiff's sole purported support for this assertion is an Eleventh Circuit case that actually addresses the accrual of a Section 1983 cause of action under federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). The holding of *Mullinax* is irrelevant because accrual of a 1983 claim under federal law does not dictate accrual of a tort under Georgia law. *Id.* (rejecting discussion of Georgia law because "when a Section 1983 action accrues is a question of federal law").

Plaintiff's argument that her claims did not accrue until "the latest psychiatric diagnosis" is patently incorrect under Georgia law. The applicable test for when a cause of action accrues for purposes of the statute of limitations in O.C.G.A. § 9-3-33 depends on "whether the act causing the damage is in and of itself an invasion of some right of the plaintiff." *Adams v. Emory Univ. Clinic*, 179 Ga. App. 620, 622 (1986). If the act causing damages itself constitutes a legal injury to plaintiff, then "the cause of action accrues and the statute begins to run from the time the act is committed, however slight the actual damage then may be." *Id.*

In this case, Plaintiff has asserted counts for "Invasion of Privacy-Appropriation of Likeness" and "Intentional Infliction of Emotional Distress." (Dkt.

1). Plaintiff alleges that "Defendant used the likeness of Plaintiff for business purposes without her consent leading to damages" and is therefore "responsible for the invasion of Plaintiff's privacy." (*Id.* ¶ 19). Plaintiff also alleged that her damages resulted from "Defendant's posting of the likeness and the appropriation of the same done so without her consent and with the direct pecuniary benefit of the Defendant." (*Id.* ¶ 9). She further alleged that she "suffered and continues to suffer from PTSD stemming from Defendant's use of Plaintiff's likeness for his gain." (*Id.* ¶ 20).

It is therefore clear that Plaintiff claims that the act causing the damage is in and of itself an invasion of some right of the Plaintiff, namely a violation of her right to privacy. Thus, the statute of limitations began to run when the act was committed, that is, when the post was made. Plaintiff herself admits unequivocally that "if the measuring point for the applicable statute of limitations were to begin running on September 24, 2018, the date the subject Facebook post was made, then Plaintiff's claims would have been time-barred upon her filing of her Complaint on October 13, 2020." (Dkt. 41, 12). That is the measuring point, and Plaintiff's claims are barred.

## CONCLUSION

Plaintiff's opposition brief, filed out of time, does not help her. It directly supports every one of the Personal Representative's arguments and establishes

conclusively that the Personal Representative was never served with the Motion for Substitution, Mr. Thornton was never served with the Complaint, and the claims in the Complaint are time-barred. This Court should reconsider its order granting substitution, deny the motion for substitution, and then dismiss the case with prejudice for lack of a defendant.

Respectfully submitted this 15th day of March, 2023.

*/s/ Nicole Jennings Wade*
Nicole Jennings Wade
State Bar No. 390922
nwade@wgwlawfirm.com

Jonathan D. Grunberg
State Bar No. 869318
jgrunberg@wgwlawfirm.com

G. Taylor Wilson
State Bar No. 460781
twilson@wgwlawfirm.com

WADE, GRUNBERG & WILSON, LLC
600 Peachtree Street N.E.
Suite 3900
Atlanta, GA 30308
Telephone: (404) 600-1153
Facsimile: (404) 969-4333

*Counsel for Jermia Jerdine, in her capacity as Personal Representative of the Estate of Adolph R. Thornton, Jr., deceased, appearing specially*

-14-

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this **JERMIA JERDINE'S REPLY BRIEF IN SUPPORT MOTION FOR RECONSIDERATION FILED UNDER SPECIAL APPEARANCE** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and that this has been typed in Times New Roman 14-point font.

Respectfully submitted this 15th day of March, 2023.

*/s/ Nicole Jennings Wade*
Nicole Jennings Wade